IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
In Admiralty
Civil Action Number: 4:25-cv-190

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| OSCAR E. WOOLARD and CATHY H. ) | |
| WOOLARD, Owners of a 2003 model 25' ) | |
| Seacraft 25SC outboard motor boat, Hull ) | **VERIFIED COMPLAINT FOR** |
| Identification Number: SXCRC966F203, North ) | **EXONERATION FROM AND/OR** |
| Carolina Registration Number: NC 1274 WU, ) | **LIMITATION OF LIABILITY** |
| her engines, tackle, apparel, appurtenances, etc. ) | |
| ) | |
| For Exoneration from and/or Limitation of ) | |
| Liability ) | |

NOW COMES Oscar E. Woolard and Cathy H. Woolard ("Limitation Plaintiffs") as owners of

a 2003 model 25' Seacraft 25SC outboard motor boat, Hull Identification Number: SXCRC966F203,

North Carolina Registration Number: NC 1274 WU, her engines, tackle, apparel, appurtenances, etc.

("Vessel") and seek exoneration from and/or limitation of liability, civil and maritime, pursuant to

46 U.S.C. §30501, et. seq., Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for

Admiralty or Maritime Claims and as otherwise may be allowed by law and allege the following:

1.      This is a case of admiralty and maritime jurisdiction over which the Court has subject

matter jurisdiction pursuant to 46 U.S.C. §30501, et. seq. and Title 28, Section 1333(1) of the United

States Code. This Court's admiralty and maritime jurisdiction is invoked pursuant to Supplemental

Admiralty Rule F(9) in that the Limitation Plaintiffs' vessel, as defined above, has not been attached

or arrested, suit has not been commenced against the owner, and the Vessel is located within this

District, particularly in Washington, Beaufort County, North Carolina.

2.      Limitation Plaintiffs are citizens and residents of Washington, Beaufort County, North

Carolina.

3.    At all pertinent times, Limitation Plaintiffs were the registered owners of the Vessel. The Vessel is less than 100 gross tons, and is not a wing-in-ground craft, a submersible or a ferry.

4.    On August 22, 2025, in the afternoon hours, at approximately 4:00 p.m. the Limitation Plaintiff, Oscar E. Woolard, launched the aforesaid vessel at the boat ramp at Washington Yacht and Country Club on Broad Creek, a tributary of the Pamlico River, in Beaufort County, North Carolina. The purpose of the voyage was to take the vessel to its berth which is located at 804 Mimosa Shores on the Pamlico River and place and haul the vessel on the boat lift where the vessel is kept. The voyage was a recreational voyage, not "for hire", with no freight pending, which commenced on the Broad Creek and terminated on the Pamlico River in the vicinity of Washington, North Carolina on August 22, 2025.

5.    Limitation Plaintiff, Oscar E. Woolard, was the only occupant of the Vessel on the Voyage.

6.    During the voyage on the Pamlico River near the Mimosa Shores area, the Vessel, while being operated by Oscar E. Woolard, was involved in a collision with a personal watercraft being operated by E.J.B., a minor, and occupied by J.W.O., a minor.

7.    Upon information and belief, both occupants of the personal watercraft, E.J.B. and J.W.O, were injured, and said injuries resulted in the death of the minor, J.W.O.

8.    Upon information and belief, the minor, E.J.B. is without a representative to sue or defend on his behalf as required by the Federal Rules of Civil Procedure, Rule 17.

9.    The Limitation Plaintiffs used diligence to ensure that the Vessel was seaworthy and, upon information and belief, at the commencement of the Voyage, and at all times during the Voyage, she was tight, staunch, strong, fully equipped and supplied, seaworthy and fit for the service in which she was engaged.

10.     Limitation Plaintiffs fear a claim may be filed on behalf of E.J.B., a claim may be filed on behalf of the Estate of J.W.O. and a claim may be filed on behalf of the owner of the personal watercraft.

11.     Upon information and belief, no alleged or potential claim of anyone nor any alleged injury associated with the Voyage or otherwise was caused or contributed to by any fault or negligence on the part of the Limitation Plaintiffs, the Vessel, or anyone for whom the Limitation Plaintiffs may be responsible. If there is any fault or negligence on the part of the Limitation Plaintiffs, the Vessel, or anyone for whom the Limitation Plaintiffs may be responsible, which is expressly denied, then said negligence may be imputed to someone(s) other than Limitation Plaintiffs and/or may comparatively reduce the proportion of negligence or corresponding liability of Limitation Plaintiffs.

12.     Upon information and belief, the Incident and any alleged injuries or damages occurring therefrom, were occasioned and incurred as a result of some excusable cause, including but not limited to marine peril and/or fault of another/others.

13.     Limitation Plaintiffs invoke the benefits of the Limitation of Shipowners' Liability Act, 46 U.S.C.A. §30501, et seq., and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims. Limitation Plaintiffs also hereby claim the benefits of all statutes and acts of Congress of the United States, whether named herein or not, granting or providing for exoneration from or limitation of liability to vessel owners. In this regard, the Limitation Plaintiffs will show that neither Limitation Plaintiffs nor the Vessel is liable to any extent, and that they are each entitled to exoneration from liability for all losses, damages, or injury occasioned by reason of the matters aforesaid. Alternatively, and without admitting liability, the Limitation Plaintiffs will show that, in the event they are found liable to any parties by reason of the Incident described herein, the Limitation Plaintiffs are entitled to limit their liability to the value of

3

the Vessel immediately after the Incident.

14. The value of the Limitation Plaintiffs' interest in the Vessel at the close of the Voyage did not exceed $70,000.00.

15. This Complaint is filed not later than six (6) months after receipt of a claim in writing.

16. Subject to an appraisal of the Limitation Plaintiffs' interest on a reference, the Limitation Plaintiffs, contemporaneously with the filing of this Complaint, are depositing with the Court the sum of $74,700.00 which represents the value of the Limitation Plaintiffs' interest in the Vessel ($70,000.00), pending freight (none), plus interest at the rate of 6% per annum from the date of the security, plus costs ($500.00) (per Supplemental Rule F(1) and Local Rule F.1).

17. Limitation Plaintiffs invoke admiralty and maritime law and jurisdiction and further seek exoneration from or limitation of liability for any and all claims arising out of the Voyage and/or Incident.

**WHEREFORE**, the Limitation Plaintiff prays that this Honorable Court will:

1. Enter an Order accepting the Limitation Plaintiffs' deposit in the sum of $74,700.00 the estimated value of Limitation Plaintiffs' interest in the Vessel, plus interest at the rate of 6% per annum from the date of the security, plus costs ($500.00) (per Supplemental Rule F(1) and Local Rule F.1) and thereupon release the Vessel from any and all liability in the premises, until the value of Limitation Plaintiffs' interest in the Vessel might be more fully determined, if requested, in which event Limitation Plaintiffs shall, thereupon, either pay the additional amount into Court or issue such additional proper bond, approved security, or stipulation sufficient to fully cover such appraisal;

2. Issue a notice to any and all persons, firms or corporations claiming damages or losses for or in connection with the Voyage and/or Incident, citing and admonishing them to answer

4

the allegations of this Complaint in accordance with the law and practice of this Honorable Court, or otherwise, as and when ordered by the Court;

3. That Notice issue to the parents of E.J.B. so that they may qualify as a representative of the minor, E.J.B., to defend or sue on his behalf pursuant to Federal Rules of Civil Procedure, Rule 17(c). In the event a representative is not duly appointed within twenty (20) days of the receipt of said Notice that the Court appoint a representative to represent E.J.B. pursuant to Federal Rules of Civil Procedure, Rule C(2).

4. Except in these proceedings for exoneration from or limitation of liability, issue an injunction enjoining and restraining any and all person or persons, firms, or corporations claiming damages or losses resulting from the aforesaid Voyage and/or Incident from prosecuting or attempting to prosecute other proceedings upon their claims against the Limitation Plaintiffs, and also, except in this proceeding, enjoining and restraining any and all person or persons, firms or corporations from commencing or prosecuting any claim or claims, suit or suits, action or actions, or other proceedings of any nature or description against Limitation Plaintiffs whatsoever for or in connection with or on account of, incidental to, or resulting from the Voyage and/or Incident;

5. Order that said notice as required by Supplemental Rule F(4) shall be published in The News & Observer (Raleigh, North Carolina) once each week for four (4) consecutive weeks before the return date of the notice;

6. Adjudge and decree in this proceeding that Limitation Plaintiffs and the Vessel are not liable in any manner or to any extent for any claim or damage whatsoever from or on account of, or in connection with, or incidental to the matters, Voyage and Incident aforesaid; or if the Court shall adjudge that Limitation Plaintiffs and the Vessel are liable for all or any part of said

5

claims or demands, then Order that the liability of the Limitation Plaintiffs be limited to the value of their interest in the Vessel as of the conclusion of the Voyage, and that the monies paid or secured to be paid as aforesaid be divided pro rata among the claims filed as provided by law, and that the Limitation Plaintiffs and the Vessel be discharged from all further liability; and

7. If Limitation Plaintiffs shall be found liable, a declaration that Limitation Plaintiffs shall be indemnified by the party or parties, currently known or unknown, who are either wholly or primarily responsible for any alleged injuries or damages arising out of the incident;

8. Declare that all persons, firms, or corporations who fail to file a claim in this proceeding are in default and are forever barred from making any claim for such loss, damage, injury or expense in this proceeding, or in any other proceeding related to the incident or the alleged acts or omissions of Limitation Plaintiffs; and

9. Enter such other Orders as will give to Limitation Plaintiffs and the Vessel such other and further relief as may be just and proper in the premises.

This the 10th day of October, 2025.

WHEATLY LAW GROUP, P.A.

BY: /s/ Stevenson L. Weeks
Stevenson L. Weeks
Attorney for Limitation Plaintiffs
State Bar No.: 9515
P.O. Box 360; 710 Cedar Street
Beaufort, NC 28516
Telephone: (252) 728-3158
Facsimile: (252) 728-5282
Email: slw@wheatlylaw.com

6

# VERIFICATION

Oscar E. Woolard and Cathy H. Woolard, being duly sworn, does depose and say: That they have read the foregoing document and that the same is true to their own knowledge with the exception of those matters and things herein alleged on information and belief and, as to those matters and things they believe them to be true.

_____
Oscar E. Woolard

_____
Cathy H. Woolard

Sworn to and subscribed before me
this 4th day of October, 2025.

_____
NOTARY PUBLIC

My Commission expires: 6/15/2028

DEBBIE LOVICK
NOTARY PUBLIC
CARTERET COUNTY, NC